UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　　　Plaintiff,<br>v.<br>DIANGELO JOHNSON<br>　　　　　　　　　　Defendant. | Case No.:  12cr0623-LAB<br>　　　　　　　17cr1213-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [12cr0623-Dkt. 160; 17cr1213-Dkt. 59][1]** |

　　　　In 2017, Diangelo Keith Johnson ("Johnson") was convicted in case number 17cr1213-LAB of Felon in Possession of a Firearm and Criminal Forfeiture in violation of 18 U.S.C. §§ 922(g)(1); 28 U.S.C. § 2461(c). The Court imposed a total sentence of 90 months imprisonment followed by 3 years of supervised release. He was also sentenced in case 12cr623-LAB to 12 months imprisonment for a supervised release violation, to run consecutively to 17cr1213-LAB.  His projected release date is approximately June 6, 2024. (Dkt. 59 at 2).

　　　　Johnson moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling" reasons merit a reduction after considering the

---

[1] All docket citations are to 17cr1213-LAB unless otherwise noted.

factors presented in 18 U.S.C. § 3553(a).  Specifically, he requests the Court reduce his sentence to time served because he has a seizure disorder that he reports is getting progressively worse and causing him to lose his memory. (Dkt. 59 at 1).  He also reports "there is a decline in his overall health" and "the current pandemic is making his condition significantly worse." (*Id.* at 1). Lastly, he claims that because of his ongoing seizure disorder, he has increased susceptibility to COVID-19. (*Id.* at 3).

The Government opposes Johnson's motion, arguing it should be denied because he has refused to get vaccinated. The Government also opposes the motion because Johnson has a lengthy criminal history, including several firearms violations, and early release would be inconsistent with the 18 U.S.C. § 3553(a) factors. (Dkt. 64 at 1). The Government points out that "BOP [the Federal Bureau of Prisons] is still operating under a modified operations plan designed to maximize the safety of the inmates in its custody" and that Johnson has refused vaccination at least twice despite the BOP making COVID-19 vaccines "universally available to every employee and inmate in every BOP institution." (*Id.* at 2). Regarding the § 3553(a) factors, the Government argues "Defendant's history of illegal firearm possession, violent offenses, drug offenses, and history of ignoring Court orders makes him dangerous to the community…." (*Id.* at 22).

A review of Johnson's medical records supports the Government's argument that he has refused the Covid-19 vaccine more than once, and Johnson doesn't contradict that.[2] (Dkt. 66).   His medical records also establish that he has not complied with his prescribed anti-seizure medication regimen. (*Id.*). There are multiple instances noting his refusal to take prescribed medication. (*Id.*). This evidence undermines Johnson's allegations that his "seizures are getting

---

[2] The Government submitted an electronic copy of Johnson's medical records directly to chambers accompanied by a motion to seal which was granted on February 11, 2022.  (Dkt. 65 and 66).

1  progressively worse" because of the pandemic or that the modified programming
2  due to COVID-19 "makes it likely that he cannot care for his medical needs."
3  (Dkt. 59 at 5).

4  Several courts in this Circuit have held that "an inmate's refusal to receive a
5  COVID-19 vaccination undercuts that inmate's assertion of extraordinary and
6  compelling circumstances justifying compassionate release." *United States v.*
7  *Joseph*, No. 06cr00080, 2021 WL 5122355 at *5 (D. Hawai'i. November 3, 2021);
8  *see also United States v. Hernandez*, No. 19cr02750-BAS-1, 2021 WL 5052970
9  ("Mr. Hernandez could reduce his risk from COVID-19 if he wanted to accept the
10 vaccine that is being offered by the BOP."). And both the Sixth and Seventh
11 Circuits have held that "a defendant's incarceration during the COVID-19
12 pandemic--when the defendant has access to the vaccine--does not present an
13 'extraordinary and compelling reason' warranting a sentence reduction." *United*
14 *States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v.*
15 *Broadfield*, 5 F.4th 801, 802-803 (7th Cir. 2021) ("[A] prisoner who remains at
16 elevated risk because he has declined to be vaccinated cannot plausibly
17 characterize that risk as an "extraordinary and compelling" justification for release.
18 The risk is self-incurred.").

19 The Court concludes that Johnson hasn't established that the BOP is unable
20 to effectively safeguard his health during the remainder of his sentence. Currently,
21 only fourteen inmates have an active COVID-19 infection in the facility in which
22 Johnson is housed. Bureau of Prisons, BOP: COVID-19. Update,
23 https://www.bop.gov/coronavirus (last accessed February 11, 2022). These
24 institutional circumstances mitigate the risk that he will contract COVID-19 despite
25 being unvaccinated. Johnson has not demonstrated "extraordinary and compelling
26 reasons" justifying compassionate release.

27 The Court likewise concludes the § 3553(a) factors continue to support
28 maintaining Johnson's original sentence. Both cases for which he is serving prison

time involve his illegal possession of firearms.  Notably, he was on supervised release in the earlier case when he was arrested and charged with violating the same federal statute. Additionally, Johnson has a lengthy criminal history that is unquestionably serious. His overall criminal history spans two decades as detailed in his PSR. (Dkt. 30). The Court finds there is a continuing need for protection of the public and deterrence under § 3553(a)(2)(B). His health conditions do not outweigh the need for him to complete his sentence.  His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated:  February 11, 2022

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge