UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>DIANGELO KEITH JOHNSON,<br><br>                    Defendant. | Case Nos. 12-cr-00623-BAS-1<br>            17-cr-01213-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**(ECF No. 170 in 12cr0623)**<br>**(ECF No. 71 in 17cr1213)** |

      In 2012, Defendant DiAngelo Johnson was sentenced to 41 months for being a felon in possession of a firearm. (Case No. 12-cr-0623, ECF No. 37.) He was released in that case on April 9, 2015. In 2017, he was again convicted of being a felon in possession of a firearm and was sentenced to 90 months. (Case No. 17-cr-1213, ECF No. 40.) He was also sentenced to an additional 12-months custody to run consecutive to the 90-month sentence for a violation of supervised release in the earlier case. (Case No. 12-cr-0623, ECF No. 137.)

      Defendant files a letter with the Court asking that his sentence in either case be reduced because of the change in the Sentencing Guidelines. (Case No. 12-cr-623, ECF

No. 170; Case No. 17-cr-1213, ECF No. 71.)  Because the new guidelines would not decrease Defendant's sentencing guideline range in either case, the request is **DENIED**.

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1.  This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1.  The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Defendant filed a request in both of his cases (Case Nos. 12-cr-0623 and 17-cr-1213) asking that his sentence be reduced because of these guideline amendments.  The Court referred the case to Federal Defenders for evaluation. (ECF No. 173.)  Federal Defenders has filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 175.)

In Defendant's most recent case, Case No. 17-cr-1213, he received twelve criminal history points plus two points because he was on supervised release for the 2012 case.

(Case No. 17-cr-1213, ECF No. 30, ¶¶ 39–41.)  Fourteen criminal history points resulted in a criminal history category of VI.  Under the new guideline calculations, he would only have received one additional criminal history point instead of two (because he had more than 7 criminal history points).  Thus, his criminal history score would have been thirteen instead of fourteen.  However, criminal history category VI is for any defendant who receives thirteen or more criminal history points.  Under either calculation, Defendant's criminal history category is a VI.

Similarly, in the 2012 case, Defendant received ten criminal history points, and two points were added because he was on Probation at the time of the offense.  (Case No. 12-cr-623, ECF No. 30, p. 10).  Twelve criminal history points resulted in a criminal history category of V.  Under the new guidelines, only one point would have been added instead of two, resulting in a criminal history score of eleven instead of twelve.  However, criminal history category V encompasses those defendants who have criminal history scores of 10, 11, or 12.  Under either calculation, Defendant's criminal history category in the 2012 case is a V.

Because the new amendments to the guidelines would have no impact on the calculation of Defendant's sentencing guidelines, the request to reduce his sentence because of these amendments is **DENIED**.

IT IS SO ORDERED.

DATED: April 25, 2024

Hon. Cynthia Bashant
United States District Judge